**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-10764
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES RUTH GOFF, a/k/a CORNBREAD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:94-CV-008-D)
_____

May 30, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

James Ruth Goff appeals the district court's denial of his
28 U.S.C. § 2255 motion.  We affirm.

Goff challenges the sufficiency of his conviction under 18
U.S.C. § 1852, argues that the district court erred in admitting
photographs depicting Goff and a co-conspirator standing with
their hands bound next to a plane filled with marijuana, and
asserts that his counsel's failure to raise these issues on
direct appeal constituted ineffective assistance.

The magistrate found that the evidence supported Goff's

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

conviction under 18 U.S.C. § 1952, that the trial court's decision to admit the photographs was supported by the record and that Goff's counsel rendered effective assistance.  The district court made an independent review of the record and then adopted the magistrate's recommendation in full.

Goff's conviction under 18 U.S.C. § 1852 should be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  The elements of § 1952 are

> (1) travel in interstate or foreign commerce, (2) specific intent to promote, manage, establish, carry on . . . unlawful activity and (3) knowing and willful commission of an act in furtherance of that intent after the act of travel.

United States v. Abadie, 879 F.2d 1260, 1266 (5th Cir. 1989).  A rational jury could have found, based on uncontradicted testimony in the record, that Goff went to Missouri in order to remove a bug from the airplane.  The jury could have found that these actions were taken in order to promote and facilitate the unlawful activity of marijuana smuggling and that Goff used the airplane to smuggle marijuana after the trip to Missouri.

The trial court's decision to admit photographs of Goff next to a co-conspirator and a plane full of marijuana was supported by the record and the court's detailed statement of its reasons for admitting the evidence.  The evidence was admitted to show that Goff was involved in marijuana smuggling and to counter challenges made by Goff to government evidence.  It countered assertions by Goff that the type of airplane involved could not

2

fly to South America and return with a load of marijuana, that he had a discrete role in the conspiracy and was not a full participant, and that the plane could not use fuel bladders to store agricultural spray. The photos were also used to contradict other defendants' evidence concerning navigational equipment in the plane and to show that certain other defendants were involved in the conspiracy. We agree with the magistrate and the district court that the trial court properly admitted the challenged photographs.

In order to prevail on his ineffective assistance of counsel claims, Goff must show that his counsel was both deficient and that the deficiency was prejudicial to him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The admission of the photographs was not error and the record supports Goff's conviction under 18 U.S.C. § 1952 so Goff cannot show prejudice from his counsel's failure (or choice not) to raise these issues on direct appeal. Goff has failed to show that his counsel was deficient or that, but for the deficiency, there is a reasonable probability that the outcome of the case would have been different. Id at 694.

For these reasons the district court's denial of Goff's §2255 petition is AFFIRMED.

AFFIRMED.